08 CV 3560

(GEL) (GWG)

PURRINGTON & McCONNELL
John H. McConnell (JM-6374)
82 Wall Street – Suite 1110
New York, New York  10005
(212) 943-5757

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x

APR 1 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

CHRISTOPHER B. MICHELSEN,

                    Plaintiff,

        -against-                                COMPLAINT

ROBERT CHRISTOPHER MANAGEMENT CORP.,
and ROBERT CHRISTOPHER MARINE
GROUP, INC., d/b/a Robert Christopher
Marine Yacht Sales, and RCMYS, and
Robert Christopher Yachts,

                    Defendants.
-------------------------------------------x

        The Plaintiff herein by his attorneys, Purrington &

McConnell, complaining of the above-named defendants, alleges

upon information and belief:


        FIRST: These are admiralty or maritime claims within

the meaning of Rule 9(h) of the Federal Rules of Civil Proce-

dure with respect to the declaratory judgment demanded, and fall

within the Court's federal question, pendent, ancillary, and/or

supplemental jurisdiction as to the remaining claims.

1

SECOND: At all material times hereinafter mentioned, plaintiff, CHRISTOPHER B. MICHELSEN (hereinafter "Michelsen"), was and still is a U.S. Citizen, and is the owner of the M/T LADY INGEBARA, a Documented Vessel of the United States, Official Number 1108532, and maintains an office and place of business within the Southern District of New York.

THIRD: At all material times hereinafter mentioned, defendant ROBERT CHRISTOPHER MANAGEMENT CORP. (hereinafter "RC Management"), was and still is a Delaware corporation, was registered to do business in the State of Connecticut, and has an office and place of business at 84 Southfield Avenue, Stamford, CT 06902.

FOURTH: At all material times hereinafter mentioned, defendant ROBERT CHRISTOPHER MARINE GROUP, INC. (hereinafter "RC Marine Group"), was and still is a Delaware corporation, was registered to do business in the State of Connecticut, and has an office and place of business at 425 Fairfield Avenue, Stamford, CT 06902.

FIFTH: At all material times hereinafter mentioned, the defendants RC Management and RC Marine Group, were and still are doing business as Robert Christopher Yacht Sales, and/or Robert Christopher Yachts, and/or RCMYS, and/or variations of those same names.

## FIRST CAUSE OF ACTION

SIXTH: On or about August 25, 2005, the defendant RC Management caused a lien to be filed with the United States Coast Guard's National Vessel Documentation Center (NVDC), in Falling Waters, WV, in the amount of $20,400.00.

SEVENTH:  On information and belief, this lien may also have been filed with other entities, including but not limited to one or more banks, including the Sovereign Bank, and the Secretaries of State of the States of New York, Connecticut, and/or New Jersey.

EIGHTH: There is no basis in fact or in law for this lien.

NINTH: The plaintiff has demanded of Defendants that the lien be discharged, cancelled, or expunged from the public records forthwith, but the Defendants have refused to do so.

3

TENTH: In addition, and by reason of the premises, due to the existence of the lien, plaintiff has suffered damages, and has been damaged in an amount yet to be determined, but by not less than $50,000.00.

## SECOND CAUSE OF ACTION

ELEVENTH: In accordance with Connecticut General Statutes §49-59, or other statute, plaintiff is entitled to a penalty for defendants' failure to discharge the said lien, in an amount equal to one-half of the lien, or $10,200.00.

## THIRD CAUSE OF ACTION

TWELFTH: On or about September 3, 2003, the Plaintiff executed a vessel purchase agreement with the Defendants, to purchase a new 36' Trawler, to be manufactured by the Albin Marine Corp. The estimated cost for the new boat was $330,676.

THIRTEENTH: At the time of execution of the agreement, the Plaintiff paid over the sum of $10,000.00 to the Defendant, to be held in escrow as a good-faith advance deposit on the new vessel purchase.

4

FOURTEENTH: As a part of the agreement, it was agreed with and by the Defendants' salesman that the order to Albin Marine would not be placed, or go forward until the Plaintiff's currently owned vessel, the M/T LADY INGEBARA, had been sold.

FIFTEENTH:   Whereupon, on or about September 3, 2003, the Plaintiff agreed with Defendants' salesman that Defendants would also handle the sale of the Plaintiff's currently owned vessel, the M/T LADY INGEBARA.

SIXTEENTH: The M/T LADY INGEBARA was not sold, and the Albin Marine Corp. went out of business in or about November 2007. The new-boat order was never placed, and the escrowed $10,000 was never paid to Albin Marine, or repaid to Plaintiff.

SEVENTEENTH: The plaintiff has demanded of Defendants that the escrowed deposit of $10,000.00 be returned, but the Defendants have not repaid the said deposit.

EIGHTEENTH: By reason of the premises, the defendants have breached, failed and violated their fiduciary duties and obligations as yacht brokers, and were otherwise at fault in negligence, or otherwise.

5

NINETEENTH: By reason of the premises, plaintiff has
suffered damages in the sum of $10,000.00, no part of which has
been paid, although payment thereof has been duly demanded.

### FOURTH CAUSE OF ACTION

TWENTIETH:  Defendants have been unjustly enriched by
their actions in refusing to repay the aforesaid $10,000
deposit.

WHEREFORE, Plaintiff prays:

1.   That process in due form of law according to the
practice of this court in causes of admiralty and maritime
jurisdiction may issue against said defendants ROBERT
CHRISTOPHER MANAGEMENT CORP. and ROBERT CHRISTOPHER MARINE
GROUP, INC., citing them to appear and answer under oath all and
singular the matters aforesaid;

2.   That the Plaintiff be awarded judgment declaring
that the lien filed with the United States Coast Guard against
the M/T LADY INGEBARA, is null and void, and shall be
discharged, cancelled and/or expunged from the vessel's record;
and that any other similarly filed liens be likewise discharged,
expunged and/or cancelled.

3.   That the Plaintiff be awarded judgment in the amount of $10,200.00 for the statutory penalty pursuant to Connecticut General Statutes §49-59.

4.   That the Plaintiff be awarded judgment in the amount of $10,000.00 representing the escrowed deposit made on the new Albin trawler, which has not been returned.

5.   That the Court will order, adjudge and decree that said defendants pay to plaintiff all other damages sustained.

6.   That the Court will order, adjudge and decree that said defendants pay to plaintiff interest on all damages, and the costs and disbursements of this action; and

7.   That the plaintiff may have such other and further relief in the premises as in law and justice he may be entitled to receive.

Dated:    New York, New York
          April 11, 2008

                    PURRINGTON & McCONNELL
                    Attorneys for Plaintiff

                    By:
                        John H. McConnell (JM-6374)

                    82 Wall Street
                    New York, New York 10005
                    (212) 943-5757